UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | In Proceedings |
| ) | Under Chapter 13 |
| NICK T. BRUNSTEIN and ) | |
| JUDITH A. DRISKILL-BRUNSTEIN, ) | |
| ) | BK No: 20-30542 |
| ) | |
| Debtors. ) | |

**OPINION**

On October 31, 2019, the Debtors entered into a "Retail Installment Contract Simple Finance Charge" (Contract) to purchase a 2019 Ram 1500 from Auffenberg Chrysler Dodge Jeep Ram. The Contract was financed by Santander Consumer USA, Inc. d/b/a Chrysler Credit Capital (Creditor) and the total price, with additions, was $66,934.72, which was to be repaid by 59 monthly payments of $1,115.57 each and a final monthly payment of $1,115.05.

On May 27, 2020, the Debtors filed their Chapter 13 case in the United States Bankruptcy Court for the Southern District of Illinois. At the time of the filing, the Debtors were not delinquent in their payments to the Creditor nor had they ever been delinquent in their payments. The Debtors' filed their First Amended Chapter 13 plan (Plan) on October 29, 2020. The Plan proposes to pay the Creditor the remaining Contract balance of $61,356.87 over 60 months at 0% interest with monthly payments averaging $1,022.61 per month.

The Creditor objected to the Plan on the basis that the Debtors must pay interest pursuant to *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), at the rate of 5.25%, without specifying a dollar amount of interest the Debtors would have to pay. The Debtors oppose the payment of additional interest, asserting the Creditor would receive $9,324.46 more than it would receive under the

1

original contract.

The Creditor's objection raises two issues. The first is whether the Debtors are required to pay interest under *Till* at the rate of 5.25%? If so, the second is what is the correct amount of interest the creditor is entitled to?

Even though the Debtors are paying the principal due on the Contract in full, they are modifying the Contract under the Plan by lowering the monthly payments from $1,115.57 to $1,022.61 and by extending the length of repayment by approximately six months. As such, 11 U.S.C. § 1325(a)(5)(B)(ii) applies and the Creditor is entitled to be paid the present value of its claim by the payment of interest. *See In re Pryor*, 341 B.R. 648 (Bankr. C.D. Ill. 2006)(finding that any plan that modifies a secured creditor's rights over its objections is a cram down and that *Till* applies in all cases involving a cram down in a Chapter 13 plan). The Creditor asserts in its brief that the appropriate rate of interest under *Till* is 5.25% and the Court agrees. Therefore, *Till* is applicable and the appropriate rate of interest is 5.25%.

The second issue to be decided is what is the appropriate dollar amount of interest the Creditor is entitled to under *Till*. The Creditor has not set forth its computation as it has not indicated the principal balance on which the interest is to be computed. Nor has it indicated the term over which interest is to be computed. Instead, the Court is left to speculate that the Creditor seeks the payment of the 5.25% over the entire Plan duration on the outstanding balance of the Contract. The Debtors assert that this additional interest would be $9,324.46. If the Debtors are correct, that is a steep price to pay for a relatively short six-month extension of the repayment period.

For these reasons, the Creditor's objection to confirmation is sustained in part and overruled in part. It is sustained as the Debtors are required to pay interest under *Till* and overruled

as the method of determining the total amount of interest to be repaid has yet to be established. Further, the Debtors are given 28 days to file an amended plan to which the Creditor can object if deemed necessary.

    See Order entered this date

ENTERED: March 3, 2021

                                    /s/ William V. Altenberger
                                  UNITED STATES BANKRUPTCY JUDGE/7